UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:26-CV-00718-GNS

JOSE ANGEL SANCHEZ MARTINEZ PETITIONER

v.
JAILER, DAVIESS COUNTY DETENTION CENTER;
FIELD OFFICE DIRECTOR, CHICAGO FIELD OFFICE,
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,
ENFORCEMENT AND REMOVAL OPERATIONS;
DIRECTOR, U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT;
SECRETARY OF THE U.S. DEPARTMENT
OF HOMELAND SECURITY; and
ATTORNEY GENERAL OF THE UNITED STATES RESPONDENT

**SHOW CAUSE ORDER**

Petitioner Jose Angel Sanchez Martinez, *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Upon review of the Petition, **IT IS HEREBY ORDERED** as follows:

1. **On or before November 27, 2026,** Petitioner **must** amend his Petition to comply with 28 U.S.C. § 2242 and provide the **name** of "of the person who has custody over him . . . ." 28 U.S.C. § 2242. Specifically, either: Frank Padula, Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement; or Arthur Maglinger, Daviess County Jailer.

2. The Clerk of Court **shall** serve the United States Attorney for the Western District of Kentucky electronically at the following email address: ben.schecter@usdoj.gov.

3. The Clerk of Court **shall forward by certified mail, return receipt requested** one copy of the Petition (DN 1) and this Show Cause Order on Respondent Arthur Maglinger, Daviess County Jailer.

4. The Court finds good cause under 28 U.S.C. § 2243 to set the schedule for the return and hearing as set forth below.

5. **On or before November 19, 2026**, Respondents shall **SHOW CAUSE** why the writ of habeas corpus should not be granted. *See* 28 U.S.C. § 2243; Fed. R. Civ. P. 6(a). Respondents **shall** identify whether the case presents a standard Section 1225/1226 issue covered by *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If so, Respondents shall provide a bond hearing or release the Petitioner **within 5 days**. Upon Petitioner receiving a bond hearing or being released, Respondents shall immediately notify the Court. Petitioner shall not be transferred to another district unless the government provides advance notice of the intended move. Such notice shall be filed in writing on the docket in this proceeding, and it shall state the reason(s) why the government believes such a movement is necessary and should not be stayed pending further court proceedings. Petitioner shall not be moved out of this District for a period of at least 72 hours from the time the government dockets the notice described in this paragraph. If the government contests that Petitioner is presently confined in the Western District of Kentucky, the government shall file a notice in writing on the docket in this action stating the name and location of the facility in which Petitioner is confined. Such notice shall be provided promptly after the government becomes aware of that fact. Petitioner shall not be deported, removed, or otherwise transferred outside the United States until further Order of this Court.

6. Petitioner may reply, if necessary, to Respondents **on or before November 27, 2026**.

7. If either party requests an evidentiary hearing, they shall so advise the Court by written motion **on or before November 27, 2026**. *See* 28 U.S.C. § 2243. In the event of an evidentiary hearing, Petitioner may appear by Zoom if the option is available with the Daviess

County Detention Center. The parties may contact the Court's case manager, Traci Duff at traci_duff@kywd.uscourts.gov to arrange for Petitioner to appear by Zoom.

8. In conjunction with each of their separate filings, the parties shall provide the following documents to the Court *as applicable*. **If any document needs to be redacted before being attached in support of the response or reply, the filing party must identify the legal basis or bases for the redaction and also file a motion for leave to seal with copies of the <u>unredacted</u> documents to that motion.** The Court recognizes that not all the documents stated below will apply or be relevant. However, to the extent appliable, the Court requests:

a. Form I-220A Order of Release on Recognizance;

b. Form I-862 Notice to Appear;

c. Form I-863 Notice of Referral to Immigration Judge;

d. Form I-200 Warrant for Arrest;

e. Form I-94 Arrival/Departure Record;

f. Form I-286 Notice of Custody Determination;

g. Form I-867AB Record of Sworn Statement in Proceeding;

h. Form I-860 Notice and Order of Expedited Removal;

i. Form I-247 Notice of Temporary Inadmissibility;

j. Form I-238 Notice of Permanent Inadmissibility;

k. any work authorization or adjustment of status petitions such as a Form I-765 or a Form I-360; and

l. any other related immigration documents the parties believe may be applicable.

9. As part of their filings, the parties shall address the following issues, *as applicable*. The Court recognizes that not all the questions below will apply or be relevant. However, to the extent applicable, the Court requests that the parties address the following:

a. Where did Petitioner enter the United States?

b. Was Petitioner examined by a Customs and Border Patrol Officer ("CBP") or immigration officer at that time, if not, has Petitioner ever presented him or herself to a CBP or immigration officer for inspection or examination, when and where?

c. How long has Petitioner been present in the United States?

d. Did Petitioner receive a Notice to Appear, and if so, when was it received?

e. Has Petitioner ever been admitted or paroled into the country, and if so, what documentation does Petitioner have?

f. Did Petitioner receive an I-94 form?

g. What forms, if any, did CBP, DHS, or ICE provide to Petitioner and when and how were those forms served?

h. Were the forms provided, or read, in Petitioner's native language?

i. Has Petitioner been referred for a Section 1229a proceeding, or in the alternative, where does Petitioner currently stand in the removal process?

j. Where and how was Petitioner detained, and what documents were provided at the time of detention?

k. Has Petitioner received a Form I-200 Warrant for Arrest?

l. Has Petitioner appeared in front of an immigration judge, and if so, when and for what purpose?

m. Has Petitioner ever been granted a bond hearing, if so, what were the results of such hearing?

n. Has Petitioner applied for any adjustment of status or work authorization permit, and if so, what is the current status of the application(s)? And, if Petitioner has a work permit or visa, has Petitioner ever been notified that it has been cancelled?

**Greg N. Stivers, Judge**
**United States District Court**
November 16, 2026

cc: Petitioner, *pro se*
Respondents, as directed above
U.S. Attorney, WDKY, as directed above